# United States Court of Appeals
**FIFTH CIRCUIT
OFFICE OF THE CLERK**

**LYLE W. CAYCE
CLERK**

**TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130**

January 17, 2024

Mr. Frank Converse Brame
Brame Law Firm, P.C.
4514 Cole Avenue
Suite 600
Dallas, TX 75205

Mr. Thomas S. Leatherbury
Thomas S. Leatherbury Law, P.L.L.C.
1901 N. Akard Street
Dallas, TX 75201

Mr. William David Sims II
4234 Shorecrest Drive
Dallas, TX 75209

    No. 23-60617    Ortega v. Off of the Comp of the Curcy
                   Agency No. AA-EC-2017-44

Dear Mr. Brame, Mr. Leatherbury, and Mr. Sims,

We have filed the certified list.  PETITIONER'S BRIEF AND EXCERPTS ARE DUE WITHIN 40 DAYS FROM THE DATE ABOVE, See Fed. R. App. P. and 5th Cir. R. 28, 30 and 31.  Except in the most extraordinary circumstances, the maximum extension for filing briefs is 40 days in agency cases.  See also Fed. R. App. P. 30.1.2 and Fed. R. App. P. 31.1 to determine if you have to file electronic copies of the brief and record excerpts, and the Portable Document Format (PDF) you MUST use.  See also Fed. R. App. P. 30.1 for the contents of the Record Excerpts which are filed instead of an appendix.  You may access our briefing checklist on the Fifth Circuit's website "http://www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/rules/brchecklist.pdf".  An intervenor's time is governed by Fed. R. App. P. 31.2.  Fed. R. App. P. 42.3.2 allows the clerk to dismiss appeals **without notice** if the brief is not filed on time.

**The caption for this appeal is attached, and we ask you to use it on any briefs filed with this court.**

Because this case is proceeding on a certified list of documents instead of the record, see Fed. R. App. P. 30.2.  Petitioner must

obtain a copy of the portions of the record relied upon by the parties in their briefs, and file them within 21 days from the date of filing of respondent's brief, with suitable covers, numbering and indexing.

<u>Brief Template:</u>  The clerk's office offers brief templates and the ability to check the brief for potential deficiencies prior to docketing to assist in the preparation of the brief.  To access these options, log in to CM/ECF and from the Utilities menu, select 'Brief Template' (Counsel Only) or 'PDF Check Document'.

**<u>Reminder as to Sealing Documents on Appeal:</u>**  Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket.  Counsel moving to seal matters must explain in particularity the necessity for sealing in our court.  Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding.  It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary.  An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Majella A. Sutton, Deputy Clerk
504-310-7680

Enclosure(s)

cc w/encl:
 Ms. Susan Bowman
 Mr. Christopher D'Alessio
 Ms. Erin Healy Gallagher
 Ms. Hannah Hicks
 Mr. Lawrence J. Keen III
 Mr. Nathan Taran

Case No. 23-60617

Saul Ortega, Former Chief Financial Officer, Director, President, Chief Executive Officer, and Chairman of the Board; David Rogers, Jr., Former Chairman of the Board,

    Petitioners

v.

Office of the Comptroller of the Currency,

    Respondent