# No. 23-60617

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

SAUL ORTEGA AND DAVID ROGERS, JR.

*Petitioners*,

v.

OFFICE OF THE COMPTROLLER OF THE
CURRENCY

*Respondent.*

On Petition for Review of Final Decision of the Comptroller of the Currency
Entered on December 1, 2023 by the Office of the
Comptroller of the Currency
Case Nos. AA-EC-2017-44 and AA-EC-2017-45

## PETITIONERS' MOTION TO ABATE CASE OR EXTEND BRIEFING DEADLINES PENDING DISPOSITION OF *SEC V. JARKESY*

Bill Sims
4234 Shorecrest Drive
Dallas, Texas 75209
Telephone: (214) 458-6970

Frank C. Brame
The Brame Law Firm PLLC
4514 Cole Ave., Suite 600
Dallas, Texas 75205
(214) 665-9464

Thomas S. Leatherbury
Thomas S. Leatherbury Law, PLLC
Cumberland Hill School Building
1901 N. Akard Street
Dallas, Texas 75201
Telephone: (214) 213-5004

**COUNSEL FOR PETITIONERS**

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities, as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

<u>Petitioners and affiliated entities:</u>

Saul Ortega
David Rogers, Jr.
Texas National Bank, owned by a non-public holding company TNB Bancshares Inc., which has no parent company
First National Bank Edinburg, owned by non-public holding company First National Bank Group, Inc. which has no parent company
No public company owns 10% or more of either Texas National Bank, TNB Bancshares Inc., First National Bank Edinburg, or First National Bank Group, Inc.

<u>Counsel</u>:

Thomas S. Leatherbury
William D. Sims
Frank Brame

<u>Respondent</u>:
The Office of the Comptroller of the Currency
The Comptroller of the Currency, Michael Hsu

<u>Counsel</u>:
Hannah Hicks
Peter Koch
Lawrence J. Keen, III
Christopher D'Alessio
Nathan Taran
Michael Laurino
Susan Bowman

Erin Healy Gallagher
Grant Swanson
Frank Salamone
Office of the Comptroller of the Currency

<u>Administrative Law Judge</u>
Jennifer Whang
Office of Financial Institution Adjudication

Dated:   January 18, 2024

Respectfully submitted,

By:   /s/ *Frank Brame*
Thomas S. Leatherbury
Texas Bar No. 12095275
Thomas S. Leatherbury Law, PLLC
Cumberland Hill School Building
1901 N. Akard Street
Dallas, Texas 75201
Telephone: (214) 213-5004
Tom@tsleatherburylaw.com

Frank C. Brame
Texas Bar No. 24031874
The Brame Law Firm PLLC
4514 Cole Ave., Suite 600
Dallas, Texas 75205
Telephone: (214) 665-9464
frank@bramelawfirm.com

Bill Sims
Texas Bar No. 18429500
4234 Shorecrest Drive
Dallas, Texas 75209
Telephone: (214) 458-6970
bsims1119@gmail.com

**COUNSEL FOR PETITIONERS**

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS .................................................. ii

INTRODUCTION ..................................................................................... 1

BACKGROUND ......................................................................................... 2

    I.    Proceedings in This Case. ......................................................... 2

    II.   Proceedings in *Jarkesy* (and *Burgess*). ................................... 4

LEGAL STANDARD ................................................................................ 5

ARGUMENT ............................................................................................ 6

    I.    The Seventh Amendment Issue in this Case is the Same as *Jarkesy* (and *Burgess*) ......................................................... 6

    II.   Good Cause Exists to Abate the Case Pending the Supreme Court's Disposition of *Jarkesy* Because It Would Promote Judicial Economy and Efficiency and Serve the Parties' Interests ..................... 8

    III.  An Abatement Will Not Harm Anyone ................................. 9

CONCLUSION ....................................................................................... 10

CERTIFICATE OF CONFERENCE ...................................................... 11

CERTIFICATIONS OF ECF FILING STANDARDS ........................... 12

CERTIFICATE OF SERVICE ................................................................ 13

CERTIFICATE OF COMPLIANCE ...................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Bank of Louisiana v. FDIC*, 919 F.3d 916 (5th Cir. 2019)........................................6

*Boudreaux v. Schlumberger Tech. Corp.*, No. 22-30819 (5th Cir. Feb. 8, 2023), ....6

*Brown v. U.S. Dep't of Educ.*, No. 22-11115 (5th Cir. Dec. 2, 2022)......................6

*Burgess v. FDIC*, 639 F. Supp. 3d 732 (N.D. Tex. 2022) ................................... 5, 7

*Burgess v. FDIC*, 2022 U.S. Dist. LEXIS 223387 (N.D. Tex. December 1, 2022)..7

*Burgess v. Whang*, No. 22-11172, Order (Dkt. No. 143) (5th Cir. July 17, 2023).....2

*Cardenas v. Stephens*, 820 F.3d 197 (5th Cir. 2016)..................................................6

*De Souza v. Garland*, No. 20-60931 (5th Cir. Dec. 10, 2020) ..................................6

*DeOtte v. Nevada*, 20 F.4th 1055 (5th Cir. 2021); ....................................................6

*Henderson v. Thaler*, 626 F.3d 773 (5th Cir. 2010). ..................................................6

*Heston v. Austin Indep. Sch. Dist.*, No. 22-50295 (5th Cir. Mar. 17, 2023), ...........6

*Jarkesy v. Sec. & Exch. Comm'n*, 34 F.4th 446 (5th Cir. 2022), *cert. granted*, 143
S. Ct. 2688 (2023)........................................................................................ *passim*

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) ..............................................................6

*Robinson v. Ardoin*, 37 F.4th 208 (5th Cir. 2022) ....................................................6

*Rodriguez v. City of Houston*, 428 F. App'x 367 (5th Cir. 2011) .............................6

*SEC v. Jarkesy*, 143 S. Ct. 2688 (2023)...............................................................1, 4

*United States v. Arteaga*, 436 F. App'x 343 (5th Cir. 2011)....................................6

*United States v. Marrufo*, No. 22-50956 (5th Cir. May 18, 2023)............................7

*Venable v. Smith Int'l, Inc.*, No. 22-30227 (5th Cir. July 5, 2022) ..........................6

*Villatoro-Avila v. Holder*, 622 F. App'x 451 (5th Cir. 2015)...................................6

*Whole Woman's Health v. Paxton*, No. 17-51060 (5th Cir. Mar. 13, 2019) .............6

*Whole Woman's Health v. Phillips*, No. 18-50730 (5th Cir. Oct. 7, 2019)...............6

**Statutes**

U.S. CONST., amend. VII................................................................... *passim*

12 U.S.C. § 1818(e) & (i). ...................................................................2, 5

Pursuant to Federal Rule of Appellate Procedure 27 and Fifth Circuit Rule 27.1.3, Petitioners Saul Ortega and David Rogers, Jr. respectfully move the Court to abate this case or, alternatively, extend all briefing deadlines, pending the United States Supreme Court's disposition of *SEC v. Jarkesy*, No. 22-859. *Jarkesy* has been fully briefed and argued, and a decision is expected in or before June 2024.  *See Jarkesy v. Sec. & Exch. Comm'n*, 34 F.4th 446 (5th Cir. 2022), *cert. granted*, 143 S. Ct. 2688 (2023).  Respondent has stated that it takes no position on the relief sought in this motion.

## INTRODUCTION

On November 29, 2023, the Supreme Court heard argument in *SEC v. Jarkesy*, in which the court considered whether the SEC's in-house agency adjudications violate the Seventh Amendment of the Constitution.  The question presented in *Jarkesy* is directly relevant to this Petition for Review.  Here, the Comptroller of the Currency ("Comptroller") decided Petitioners' case via its in-house adjudication system without a jury, just as in *Jarkesy*.  Petitioners are making the same Seventh Amendment challenge to the Comptroller's proceeding.  Given that the Supreme Court's forthcoming decision in *Jarkesy* will likely guide the outcome in this case and may be dispositive, Petitioners respectfully submit that the appropriate course is to abate this matter temporarily, or to extend all briefing deadlines, to allow the parties to submit their briefs in light of the Supreme Court's *Jarkesy* decision.

Otherwise, the parties will file, and this Court will spend time reviewing, briefs that may soon be out of date and will have to be supplemented.  In the past, this Court has abated cases on many occasions to conserve the limited resources of the Court and the parties.  *See* footnote 14, *infra*.

In fact, this Court has abated *Burgess v. Whang*, in light of *Jarkesy* for precisely the same reason as Petitioners seek in this motion.  *See Burgess v. Whang*, No. 22-11172, Order (Dkt. No. 143) (5th Cir. July 17, 2023).  Both Burgess and Petitioners had their cases decided by the same ALJ under the same statutory framework, and it makes sense to abate this case for the same reasons.

## BACKGROUND

### I.     Proceedings in This Case.

On September 25, 2017, the Comptroller brought charges against two non-lenders, Ortega and Rogers, for a bank's lending activities during the financial crisis many years ago.  The Comptroller sought civil money penalties and also sought to ban both Ortega and Rogers from working in the banking industry.[1]  *See* 12 U.S.C. § 1818(e) & (i).  The case was assigned to the Comptroller's in-house agency adjudication system, the Office of Financial Institution Adjudication ("OFIA").  OFIA handles agency cases for the Comptroller, the FDIC, the Federal Reserve, and the National Credit Union Administration.

---

[1] *See* Ex. A (Notice of Charges).

An 11-day hearing took place beginning on January 31, 2022 before Administrative Law Judge ("ALJ") Jennifer Whang.  On September 30, 2022, the ALJ issued her Recommended Decision.[2]  Among other rulings, the ALJ issued civil money penalties against both Petitioners, but determined that the Comptroller failed to meet its burden to ban Ortega from banking.[3]

Both the Comptroller and Petitioners appealed the Recommended Decision to the Comptroller.[4]  Following these appeals, the Comptroller reached its Final Decision on December 1, 2023.[5]  The Comptroller reversed the ALJ and banned both Petitioners from banking and issued a civil money penalty of $250,000 against each of them.

Before the Recommended Decision was issued, Petitioners objected to the proceeding under the Seventh Amendment and *Jarkesy*, for failure to afford Petitioners a jury trial.[6]  In their exceptions to the Comptroller, Petitioners again objected to the proceeding on the same grounds.[7]  The ALJ and the Comptroller overruled these objections.[8]

---

[2] *See* Ex. B (Recommended Decision).
[3] *Id.*
[4] *See* Ex. C (Respondents' Exceptions to the Administrative Law Judge's Recommended Decision, Supporting Brief and Request for Oral Argument). Excerpts of pages 26-28 of Exhibit C have been redacted because the Comptroller has requested they be sealed and the pages do not relate to the issues raised in this Motion.
[5] *See* Ex. D (Final Decision).
[6] *See* Ex. E (Demand For Jury Trial)
[7] *See* Ex. C at 3, 61-65.
[8] Ex. D at 26.

Petitioners filed their Petition for Review in this Court on December 1, 2023.

## II.     Proceedings in *Jarkesy* (and *Burgess*).

In 2013, the Securities and Exchange Commission ("SEC") initiated an in-house enforcement proceeding against George Jarkesy.  Seven years later, the SEC issued an order requiring Jarkesy to pay civil monetary penalties and to cease involvement with securities-related activities. *Jarkesy*, 34 F.4th at 450.  Jarkesy filed a petition for review of the SEC's order in this Court.  In May 2022, this Court issued a published opinion holding that, among other things, the SEC proceeding violated the Seventh Amendment because the agency was seeking civil monetary penalties in a forum where the respondent did not have a right to a jury, 34 F.4th at 451-59. This Court vacated the SEC's decision. *See id.* at 465-66.

The Solicitor General filed a petition for a writ of certiorari in *Jarkesy* on March 8, 2023. The Supreme Court granted the Solicitor General's Petition on June 30, 2023, 143 S. Ct. 2688 (2023), and heard argument on November 29, 2023.  The first and primary issue before the Supreme Court is "Questions Presented 1. Whether statutory provisions that empower the [SEC] to initiate and adjudicate administrative enforcement proceedings seeking civil penalties violate the Seventh Amendment."[9] A ruling is expected sometime in or before June 2024.

---

[9] *See* Brief For the Petitioner at I, Aug. 28, 2023, *SEC v. Jarkesy*, No. 22-859, in the Supreme Court of the United States.

*Burgess*, similarly, involves an in-house agency proceeding by the FDIC against Cornelius Campbell Burgess which began in 2014.[10]  In 2022, ALJ Whang, the same ALJ who presided over Petitioners' proceeding, issued a decision banning Burgess from banking and assessing a civil money penalty.[11]  That case was brought under the same statutes (12 U.S.C. § 1818(e) & (i)) and regulatory regime as in Petitioners' case.[12]  Before the FDIC reached a decision, Burgess sought to enjoin further proceedings because, among other things, the proceeding violated the Seventh Amendment and was inconsistent with the ruling in *Jarkesy*.  *Burgess v. FDIC*, 639 F. Supp. 3d 732, 739 (N.D. Tex. 2022). The District Court agreed.  *See id*. at 747-50 (preliminary injunction granted against FDIC proceeding for failing to guarantee Seventh Amendment jury trial, finding Petitioner had a likelihood of success on the merits).  The government appealed the ruling of the U.S. District Court, and this Court stayed all further proceedings pending the outcome in *Jarkesy*.[13]

## LEGAL STANDARD

This Court has discretion to "stay further proceedings in appeals" when good cause for that relief is shown. Fifth Circuit R. 27.1.3; *see id.* R. 34.6 (cases may be

---

[10] *See* Principal and Response Brief of Appellee/Cross-Appellant Cornelius Campbell Burgess, March 31, 2023, (Dkt. No. 63), *Burgess v. Whang*, No. 22-11172, In the United States Court of Appeals for the Fifth Circuit.
[11] *Id*. at 12.
[12] *Id*. at 6-12.
[13] *Burgess v. Whang*, No. 22-11172, Order (Dkt. No. 143) (5th Cir. July 17, 2023).

continued for "good cause shown"). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). When considering motions to hold appeals in abeyance, this Court "weigh[s] competing interests and maintain[s] an even balance," *id.*, and will consider factors such as "judicial economy" and whether a stay would "serve the parties' interests." *Robinson v. Ardoin*, 37 F.4th 208, 231 (5th Cir. 2022) (per curiam). In recent years, this Court has placed appeals into abeyance pending disposition of a related Supreme Court case on many occasions.[14]

## ARGUMENT

### I.    The Seventh Amendment Issue in this Case is the Same as *Jarkesy* (and *Burgess*).

Petitioners were entitled to have this case submitted to a jury under the Seventh Amendment of the United States Constitution, for the same reasons and on

---

[14] *See, e.g.*, Order, *United States v. Marrufo*, No. 22-50956 (5th Cir. May 18, 2023), ECF 66-2; Order, *Heston v. Austin Indep. Sch. Dist.*, No. 22-50295 (5th Cir. Mar. 17, 2023), ECF 59-2; Order, *Boudreaux v. Schlumberger Tech. Corp.*, No. 22-30819 (5th Cir. Feb. 8, 2023), ECF 27-2; Order, *Brown v. U.S. Dep't of Educ.*, No. 22-11115 (5th Cir. Dec. 2, 2022). ECF 84; Order, *Venable v. Smith Int'l, Inc.*, No. 22-30227 (5th Cir. July 5, 2022); *DeOtte v. Nevada*, 20 F.4th 1055, 1063 (5th Cir. 2021); Order, *De Souza v. Garland*, No. 20-60931 (5th Cir. Dec. 10, 2020), ECF 23-2; Order, *Whole Woman's Health v. Phillips*, No. 18-50730 (5th Cir. Oct. 7, 2019) (per curiam); Order, *Whole Woman's Health v. Paxton*, No. 17-51060 (5th Cir. Mar. 13, 2019) (per curiam); *Bank of Louisiana v. FDIC*, 919 F.3d 916, 921 (5th Cir. 2019); *Cardenas v. Stephens*, 820 F.3d 197, 200 (5th Cir. 2016); *Villatoro-Avila v. Holder*, 622 F. App'x 451, 452 (5th Cir. 2015) (per curiam); *United States v. Arteaga*, 436 F. App'x 343, 350 (5th Cir. 2011); *Rodriguez v. City of Houston*, 428 F. App'x 367, 368 (5th Cir. 2011) (per curiam); *Henderson v. Thaler*, 626 F.3d 773, 777 (5th Cir. 2010).

the same basis as this Court's decision in *Jarkesy v. Sec. & Exch. Comm'n*, 34 F.4th 446. This proceeding seeks recovery of civil penalties,[15] the same type of claim that *Jarkesy* squarely holds is entitled to a jury. *Id.* at 451-59. As *Jarkesy* notes, Congress cannot eliminate a party's Seventh Amendment rights by merely relabeling a cause of action as a statutory one and placing exclusive jurisdiction in an administrative agency. *Id.* at 457. Accordingly, as in *Jarkesy*, it was error to deny Petitioners a jury trial. *Id.* at 451 ("civil juries in particular have long served as a critical check on government power."); *Burgess v. FDIC*, 639 F. Supp. 3d at 747-50; *Burgess v. FDIC*, 2022 U.S. Dist. LEXIS 223387, *5-6 (N.D. Tex. December 1, 2022).

And while the SEC and the OCC/FDIC use a different statute to carry out their in-house judicial system with jury-less ALJs, a district court in this Circuit has already held that the rationale in *Jarkesy* is controlling in a case brought under 12 U.S.C. § 1818. *Burgess v. FDIC*, 639 F. Supp. 3d at 747-50. There is no meaningful difference between this case and *Jarkesy* when it comes to the Seventh Amendment.

Jarkesy and the Solicitor General have teed up the Seventh Amendment issue at the Supreme Court. Both parties in *Jarkesy* identified whether in-house agency adjudications violate the Seventh Amendment as their first "Question Presented" to the Court. *See* Brief For the Petitioner at I, Aug. 28, 2023, *SEC v. Jarkesy*, No. 22-

---

[15] Ex. A (Notice of Charges); Ex. D (Final Decision).

859, in the Supreme Court of the United States; Brief For Respondents at i, Oct. 11, 2023, *SEC v. Jarkesy*, No. 22-859, in the Supreme Court of the United States.[16]  It is therefore likely that the Supreme Court's decision will have a significant bearing on the outcome of this case and may be dispositive.

## II. Good Cause Exists to Abate the Case Pending the Supreme Court's Disposition of *Jarkesy* Because It Would Promote Judicial Economy and Efficiency and Serve the Parties' Interests.

Good cause exists for a temporary abatement of this case.  It would make little sense for the Court to review the jury issue now that the Supreme Court is poised to provide new guidance on how the Seventh Amendment applies to agency enforcement proceedings.  Petitioners respectfully suggest that the best course is to abate the case awaiting the decision and opinion in *Jarkesy*.  In prior cases, including *Burgess*, the Court has done exactly that.[17]

If this Court accepts and studies the parties' briefing before *Jarkesy* is decided, this would likely be an inefficient use of the Court's and the parties' resources because the briefing will likely need to be supplemented and the work of the Court and its law clerks may need to be repeated.

---

[16] Similarly, this same issue is before this Court in Burgess.  *See* Principal and Response Brief of Appellee/Cross-Appellant Cornelius Campbell Burgess at 6, March 31, 2023, (Dkt. No. 63), *Burgess v. Whang*, No. 22-11172, In the United States Court of Appeals for the Fifth Circuit (Issues presented for review include "Whether the District Court erred by granting a preliminary injunction as to Count 3, which alleges that the Enforcement Proceeding violates the Seventh Amendment by depriving Burgess of his right to a trial by jury.")

[17] *See, supra*., note 14.

In addition, there are significant, complex issues in this appeal unrelated to the Seventh Amendment, especially the statute of limitations. This proceeding against Petitioners was the result of a self-serving, unhinged interpretation of the five-year statute of limitations in which the Comptroller, acting as both prosecutor and decisionmaker, banned Petitioners from the banking industry because of loans made in 2009 even though the Comptroller waited until 2017 to commence this proceeding. If *Jarkesy* is decided in Petitioners' favor, the Comptroller may decide to dismiss its claims, mediate or settle the case, or otherwise take steps that would obviate the need for this Court having to wade through the other reversible errors that occurred in this complex case. For this reason, an abatement would further save this Court's and the parties' scarce resources and promote judicial economy.

For these reasons, good cause exists for an abeyance or stay of the briefing schedule.

### III.    An Abatement Will Not Harm Anyone.

An abatement will not harm the Comptroller or the public interest. Without a stay, the parties would still need additional time to update their briefing in light of the Supreme Court's decision and this Court would still need additional time to consider the Supreme Court's decision. Therefore, it is not likely that this case would be resolved any more quickly without an abatement. An abatement would simply conserve this Court's and the parties' resources.

## CONCLUSION

For the reasons stated, Petitioners respectfully request that the Court abate this case pending the resolution of *Jarkesy* or, alternatively, extend all briefing deadlines until after an opinion in *Jarkesy* is issued.  Petitioners also request such other and further relief to which they may be justly entitled.

Dated:   January 18, 2024

Respectfully submitted,

By:   /s/ *Frank Brame*

Thomas S. Leatherbury
Texas Bar No. 12095275
Thomas S. Leatherbury Law, PLLC
Cumberland Hill School Building
1901 N. Akard Street
Dallas, Texas 75201
Telephone: (214) 213-5004
Tom@tsleatherburylaw.com

Frank C. Brame
Texas Bar No. 24031874
The Brame Law Firm PLLC
4514 Cole Ave., Suite 600
Dallas, Texas 75205
Telephone: (214) 665-9464
frank@bramelawfirm.com

Bill Sims
Texas Bar No. 18429500
4234 Shorecrest Drive
Dallas, Texas 75209
Telephone: (214) 458-6970
bsims1119@gmail.com

**COUNSEL FOR PETITIONERS**

## CERTIFICATE OF CONFERENCE

I hereby certify that, on January 18, 2024, I conferred with Hannah Hicks, Counsel for the Comptroller of the Currency, who indicated that the Comptroller take no position on the relief sought herein.

/s/ *Frank C. Brame*
Counsel for Petitioners

## CERTIFICATIONS OF ECF FILING STANDARDS

Pursuant to paragraph A(6) of this Court's ECF Filing Standards, I hereby certify that (1) any required privacy redactions have been made, 5th Cir. R. 25.2.13; and (2) the document has been scanned with the most recent version of a commercial virus scanning program and is free of viruses.

/s/ *Frank C. Brame*
Counsel for Petitioners

# CERTIFICATE OF SERVICE

I hereby certify that, on January 18, 2024, I caused true and accurate copies of

the foregoing Motion to be served by United States mail, upon counsel below, in

addition to filing via the Court's CM/ECF document filing system:

Hannah Hicks
Office of the Controller of the Currency
400 7th Street, S.W.
Washington, D.C. 20219

<br>

/s/ *Frank C. Brame*
Counsel for Petitioners

# CERTIFICATE OF COMPLIANCE

I hereby certify that:

1.    This Motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27 because it contains 2360 words, as determined by the word-count function of Microsoft Word, excluding the parts of the Petition exempted by Federal Rule of Appellate Procedure 32(f).

2.    This Motion complies with the type-face requirements and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and 32(a)(6) and Fifth Circuit Rule 32.1 and 32.2 because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font, with 12-point font footnotes.


/s/ *Frank C. Brame*
Counsel for Petitioners