

Office of the Comptroller of the Currency

Washington, DC 20219

*Via CM/ECF*

July 6, 2026

Lyle W. Cayce
Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Herbert Building
600 S. Maestri Place
New Orleans, LA 70130

Subject:    *Ortega v. Office of the Comptroller of the Currency,* No. 23-60617
            Response to Petitioners' Rule 28(j) Letter

Dear Mr. Cayce:

Pursuant to Federal Rule of Appellate Procedure 28(j), the Office of the Comptroller of the Currency ("OCC") submits this response to Petitioners' letter addressing decisions in *FCC v. AT&T, Inc.*, 608 U.S. --- (2026), and *Intuit, Inc. v. FTC*, 170 F.4th 411 (5th Cir. 2026).

In *AT&T*, the Supreme Court held that there was no violation of the Seventh Amendment where the Federal Communications Commission ("FCC") issued certain forfeiture orders because the orders did not definitively resolve the parties' legal obligations. The Seventh Amendment inquiry is twofold: (1) whether the action implicates the Seventh Amendment; and, if so, (2) whether the public rights doctrine applies. *SEC v. Jarkesy*, 603 U.S. 109, 120 (2024). The Court in *AT&T* addressed the first inquiry only. Because the Court upheld the FCC's administrative process and did not address the public rights doctrine, *AT&T* is entirely consistent with the panel decision in this case.

In *Intuit*, a Fifth Circuit panel held that the Federal Trade Commission's ("FTC") administrative adjudication of a deceptive-advertising claim violated the constitutional separation of powers. Concluding that the action adjudicated private

rights, the panel determined that the FTC Act did not create a new duty to refrain from deceptive advertising but, rather, that the duty had long predated the statute and could be enforced by private parties at common law. 170 F.4th at 422. OCC enforcement actions, however, involve distinct government prerogatives, public rights with no common law analogue—namely, actions of a prudential regulator to ensure the integrity of the national banking system. *Ortega v. OCC*, 155 F.4th 394, 404, 403-09 (5th Cir. 2025). The Court "emphasize[d] that there were no federally chartered banks until Congress authorized them," and that "when Congress ultimately created this industry and its attendant safeguards, it assigned enforcement to the executive branch, with no involvement from Article III courts except those expressly permitted by the statute." *Id.* at 406. That "serious and unbroken historical pedigree" confirms the Court's conclusion. *Id.* at 407.

For these reasons and those discussed in the OCC's opposition (Dkt. No. 171), the Court should deny Petitioners' en banc review request.

Respectfully submitted,


        */s/ Peter C. Koch*
Peter C. Koch
Director for Litigation
Office of the Comptroller of the Currency
peter.koch@occ.treas.gov


cc: All counsel of record through CM/ECF

2

## CERTIFICATE OF SERVICE

I, Peter C. Koch, counsel for Office of the Comptroller of the Currency, hereby certify that on July 6, 2026, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Peter C. Koch*
Peter C. Koch

*Counsel for Respondent*
*Office of the Comptroller of the*
*Currency*

## CERTIFICATION OF ECF FILING STANDARDS

Pursuant to Fifth Circuit ECF Filing Standard (A)(6), I hereby certify that:

1.  Any required privacy redactions have been made to this filing consistent with Fifth Circuit Rule 25.2.13.

2.  The filing has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

*/s/ Peter C. Koch*
Peter C. Koch

*Counsel for Respondent*
*Office of the Comptroller of the*
*Currency*

## CERTIFICATE OF COMPLIANCE

I hereby certify that:

3.  The body of this filing is 349 words and therefore complies with the word limitations of Federal Rule of Appellate Procedure 28(j).

4.    This filing complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and 32(a)(6) and Fifth Circuit Rule 32.1 because this filing has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font.


*/s/ Peter C. Koch*
Peter C. Koch

*Counsel for Respondent*
*Office of the Comptroller of the*
*Currency*